United States District Court
Middle District of Florida
Orlando Division

**CHRISTINE A. GONZALEZ,**

    **Plaintiff,**

**v.**                                                                    **NO. 6:25-CV-2469-CEM-LLL**

**FRANK J. BISIGNANO,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

### Report and Recommendation

This is before the Court sua sponte. On December 22, 2025, plaintiff filed a complaint seeking judicial review of the Commissioner of Social Security's final decision denying her claims for supplemental security income and disability insurance benefits. Doc. 1. On that same date, plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) construed as a motion to proceed in forma pauperis. Doc. 2. The Court denied plaintiff's motion, *id.*, because she did not "provide[] enough information to determine . . ." whether she should be permitted to proceed in forma pauperis. Doc. 3 at 1. The Court directed plaintiff to either file a renewed motion to proceed in forma pauperis or pay the required filing fee on or before January 16, 2026. *Id.* at 2.

On January 20, 2026, in compliance with the Court's Order,[1] plaintiff filed a renewed motion, which the Court granted the next day. Docs. 7; 8. The Court also issued an Order advising the parties of the required briefing format. Doc. 9. On February 20, 2026, the Commissioner filed his answer to the complaint, and plaintiff filed her brief on the same day. Docs. 14; 15. Upon review of plaintiff's brief, the Court determined that it did not comply with the Court's prior instructions regarding proper briefing format. Docs. 9; 16. Specifically, plaintiff failed to support her legal assertions with citations to relevant legal authority and her factual assertions with citations to the record. Doc. 16. Accordingly, the Court denied plaintiff's brief and directed her to refile it in compliance with the Court's prior Order regarding formatting requirements on or before March 23, 2026. *Id.*

On March 30, 2026, the Court issued an Order to Show Cause[2] because plaintiff failed to refile her initial brief as directed. Doc. 17. The Court again ordered plaintiff to refile her initial brief in compliance with the proper briefing format on or before

---

[1] Under Federal Rule of Civil Procedure 6(d), "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a). Plaintiff received the Court's Order, doc. 3, by mail, which directed her to refile her motion to proceed in forma pauperis or pay the filing fee on or before January 16, 2026. Accordingly, the deadline was extended by operation of law to January 21, 2026, and her renewed motion was timely filed.

[2] On February 3, 2026, United States District Judge Carlos E. Mendoza issued an Order to Show Cause because plaintiff failed to comply with the Court's Initial Order, doc. 4, by not filing a Notice of Pendency of Related Actions and a Disclosure Statement. Doc. 10. The Court directed that the Order would be discharged upon plaintiff "fully complying with the Initial Order within fourteen days . . . ." *Id.* Plaintiff was further cautioned that failure to comply with the Order "may result in the dismissal of [her] action without further notice." To date, plaintiff has not complied with the Initial Order, doc. 4, and the Order to Show Cause remains pending.

April 13, 2026. *Id.* at 1. The Court also directed plaintiff to show cause why her case should not be. dismissed for failure to prosecute *Id.* at 1. Further, the Court cautioned plaintiff that "[f]ailure to comply with this Order will likely result in a recommendation that [your] case be dismissed without further notice. *Id.* at 1-2 (citing Local Rule 3.10, Middle District of Florida Local Rules).

To date, plaintiff has neither responded to the order to show cause nor refiled her brief. Local Rule 3.10 provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Middle District of Florida Local Rules. I find plaintiff's failure to respond to the Order to Show Cause, doc. 17, and to refile her brief in compliance with the Court's required briefing format constitutes a failure to demonstrate due diligence and just cause for delay. Thus, I respectfully recommend plaintiff's complaint be dismissed.

I respectfully **recommend**:

1. This case be dismissed without prejudice for failure to prosecute under Local Rule 3.10, Middle District of Florida Local Rules; and

2. the Clerk be directed to terminate all pending motions and close the file.

**Entered** in Jacksonville, Florida, April 22, 2026.



/s/ Laura Lothman Lambert
*United States Magistrate Judge*

3

## Notice to the Parties

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


c:
The Honorable Carlos E. Mendoza, United States District Court Judge
Christine A. Gonzalez, pro se plaintiff
    2940 Evans Dr.
    Kissimmee, FL 34758
Ealy Ko, Esquire
Beverly E. Williams, Esquire
John F. Rudy, III, Esquire